# United States District Court
# Central District of California

| | |
|---|---|
| UNIVERSAL DYEING & PRINTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> KNITWORK PRODUCTIONS II, LLC; DOLGENCORP, LLC; and DOES 1 THROUGH 10, <br><br> Defendants. | Case No. 2:17-cv-05660-ODW (MRW) <br><br> **ORDER DENYING MOTION FOR SUMMARY JUDGMENT [43]; ORDER DENYING MOTION FOR REQUEST TO REGISTER OF COPYRIGHTS [51]** |

## I. INTRODUCTION

Plaintiff Universal Dyeing & Printing, Inc. brings this action against Defendants Knitwork Productions II, LLC and Dolgencorp, LLC (collectively, "Defendants") for the alleged infringement of copyrighted fabric designs. Pending before the Court are Defendants' Motion for Summary Judgment ("MSJ") (ECF No. 43) and Motion for Issuance of a Request to the Register of Copyrights and Stay Pending Response ("Motion for Issuance") (ECF No. 51).[1] For the following reasons, the Court **DENIES** Defendants' MSJ (ECF No. 43) and Motion for Issuance (ECF No. 51).

---

[1] After considering the papers filed in connection with these motions, the Court deemed this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.

## II. FACTUAL BACKGROUND

On July 31, 2017, Plaintiff filed its initial Complaint against Defendants alleging a single claim for copyright infringement of one textile design. (Compl. ¶¶ 9–19, ECF No. 1.) On August 24, 2017, Plaintiff amended its Complaint by alleging that Defendants infringed an additional textile design. (*See* First Am. Compl. ("FAC") ¶¶ 13–16, ECF No. 12.) The designs at issue in this case are (1) UA 14823; and (2) UA 17679. (FAC ¶¶ 9–16.)

### A. UA 14823

In September 2010, Plaintiff registered UA 14823 with the U.S. Copyright Office, which matured into registration VA 1-738-959 (the "'959 Registration"). (Defs.' Statement of Uncontroverted Facts ("DSUF") 3–4, ECF No. 43-1.) However, the artwork deposited for the '959 Registration was not UA 14823. (DSUF 5.) Instead, UA 14823 was deposited for a different copyright application, registration VA 1-738-956 (the "'956 Registration"). (DSUF 9.) Plaintiff intended the '956 Registration to cover another design, UA 14882, not UA 14823. (DSUF 10.)

On January 4, 2019, Plaintiff received a supplementary registration for the '956 Registration with number VA 2-134-041 (the "'041 Registration"). (DSUF 13; Pl.'s Statement of Undisputed Facts ("PSUF") 46, ECF No. 55-1.) The supplementary registration corrected the information on the copyright application so that the '956 Registration corresponded to the material deposited, UA 14823. (*See* DSUF 14; PSUF 45, 46.)

### B. UA 17679

On June 24, 2013, Plaintiff registered UA 17679 along with 14 other designs with the U.S. Copyright Office, which matured into registration VA 1-868-100 (the "'100 Registration"). (DSUF 22; *see also* PSUF 40, 41.) The '100 Registration was registered as a single work registration with a single publication date of May 15, 2013, for all the designs. (DSUF 23.) Certain designs included in the '100 Registration, including UA 17679, are comprised of various public domain elements taken from

design books. (DSUF 24.) However, the '100 Registration did not disclose this fact. (DSUF 25.) Further, the '100 Registration failed to disclose that certain designs in the '100 Registration were not authored by Plaintiff but purchased from another author through an assignment. (DSUF 27, 28.)

Around January 8, 2019, Plaintiff submitted an application for supplementary registration for the '100 Registration to supplement/correct its previous statements on the registration. (DSUF 26.) While the motions were under submission, Plaintiff received the supplementary registration from the U.S. Copyright Office for the '100 Registration with number VA 2-146-315 (the "'315 Registration"), effective as of January 8, 2019.[2] (Request for Judicial Notice, ECF No. 70.) The '315 Registration purported to correct the problems in the '100 Registration. (*See id.*)

### III. MOTION FOR SUMMARY JUDGMENT

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Courts must view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). A disputed fact is "material" where the resolution of that fact might affect the outcome of the suit under the governing law, and the dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Conclusory or speculative testimony in affidavits is insufficient to raise genuine issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Moreover, though the Court may not weigh conflicting evidence or make credibility determinations, there must be more than a mere scintilla

---

[2] Defendants object to Plaintiff's untimely request for judicial notice. (Defs.' Opp'n to Pl.'s Untimely Request for Judicial Notice, ECF No. 71.) For the purposes of these motions, the Court overrules Defendants' objections as the objections are not based on the Federal Rules of Evidence and do not cite any legal authority. Federal Rule of Evidence 201(d) states that "[t]he court may take judicial notice at any stage of the proceeding." As such, the Court takes judicial notice of the '315 Registration.

of contradictory evidence to survive summary judgment. *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).

Once the moving party satisfies its burden, the nonmoving party cannot simply rest on the pleadings or argue that any disagreement or "metaphysical doubt" about a material issue of fact precludes summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). Nor will uncorroborated allegations and "self-serving testimony" create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002). The court should grant summary judgment against a party who fails to demonstrate facts sufficient to establish an element essential to his case when that party will ultimately bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322.

Pursuant to the Local Rules, parties moving for summary judgment must file a proposed "Statement of Uncontroverted Facts and Conclusions of Law" that should set out "the material facts as to which the moving party contends there is no genuine dispute." C.D. Cal. L.R. 56-1. A party opposing the motion must file a "Statement of Genuine Disputes" setting forth all material facts as to which it contends there exists a genuine dispute. C.D. Cal. L.R. 56-2. "[T]he Court may assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the 'Statement of Genuine Disputes' and (b) controverted by declaration or other written evidence filed in opposition to the motion." C.D. Cal. L.R. 56-3.

A. **Copyright Infringement of UA 14823**

To prevail on a claim for copyright infringement, a plaintiff must prove (1) ownership of a valid copyright in the work at issue; and (2) defendants' infringement of the work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). "A copyright registration is prima facie evidence of the validity of the

copyright and the facts stated in the certificate." *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011) (internal quotation marks omitted). "To rebut the presumption [of validity,] an infringing defendant must simply offer some evidence or proof to dispute or deny the plaintiff's prima facie case of infringement." *Lamps Plus, Inc. v. Seattle Lighting Fixture Co.*, 345 F.3d 1140, 1144 (9th Cir. 2003). However, "inadvertent mistakes on registration certificates do not invalidate a copyright and thus do not bar infringement actions, unless the alleged infringer has relied to its detriment on the mistake, or the claimant intended to defraud the Copyright Office by making the misstatement." *Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997).

Defendants do not dispute the infringement element, but contend only that Plaintiff has no valid copyright of UA 14823. Specifically, Defendants contend that the '959 Registration, '956 Registration, and the supplementary '041 Registration, are invalid and subject to cancellation based on a theory that Plaintiff intended to defraud the Copyright Office. (MSJ 11–15.)

The Compendium of U.S. Copyright Office Practices[3] § 1802.7(D), citing 37 C.F.R. § 202.6(d)(4)(ii), provides that "[t]he U.S. Copyright Office will not issue a supplementary registration to correct an error in the deposit copy(ies) that were submitted with the application for basic registration." Defendants construe this to mean that "an application for supplemental registration is not appropriate to correct a defect in the deposit requirement. Deposit defects are fatal to a registration's validity." (MSJ 12–13.) Defendants overstate the law.[4] 37 C.F.R. § 202.6(d)(4)(ii)

---

[3] The Copyright Office publishes an administrative manual that contains legal interpretations and guidance regarding copyright registrations. *See* U.S. Copyright Office, Compendium of U.S. Copyright Practices (3d ed. 2017). "The Ninth Circuit has held that the Copyright Office's decisions and opinions are not entitled to the level of deference afforded under *Chevron* . . . ." *Media.net Advertising FZ-LLC v. NetSeer, Inc.*, 156 F. Supp. 3d 1052, 1060 (N.D. Cal. 2016) (citing *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 755 F.3d 1038, 1041 (9th Cir. 2014)).

[4] Defendants repeatedly overstate the law and cite cases for unsupported propositions. The Court takes this opportunity to remind Defendants of their duty of candor. *See* Cal. Rules of Prof'l Conduct 3.3.

states that supplementary registration is not appropriate "[t]o correct errors in statements or notices on the copies or phonorecords of work, or to reflect changes in the content of work." Stated simply, 37 C.F.R. § 202.6(d)(4)(ii) prohibits a supplementary registration from correcting or changing the content of the deposit materials. It does not prohibit a supplementary registration to correct the information in a basic registration, which Plaintiff has done here. *See* 37 C.F.R. § 202.6(d)(1)–(2) (stating that supplementary registration may be made to correct the information in a basic registration and that correction is appropriate if the basic registration was incorrect at the time of registration).

Further, Defendants offer no evidence that Plaintiff's failure to correctly register UA 14823 was anything but an inadvertent mistake. It is undisputed that when UA 14823 was initially registered, it was registered by Plaintiff's vice-president, Bryant Hwang. (PSUF 32.) On September 13, 2010, Mr. Hwang attempted to apply for 40 copyright registrations, including UA 14823. (PSUF 32.) On that day, it was Mr. Hwang's first time applying for copyright registrations on Plaintiff's behalf as the person usually responsible was on vacation. (PSUF 33, 34.) During the process of registering UA 14823, the deposit material that was deposited was actually UA 14840, which matured into the '959 Registration. (Decl. of Kathryn S. Marshall Ex. A, ECF No. 43-3.) Instead, UA 14823 was deposited for the '956 Registration, which was intended to be UA 14882. (DSUF 10.) As such, Plaintiff applied for a supplementary registration to correct the '956 Registration to reflect the information in the deposit material, UA 14823. The supplemental '041 Registration now contains the correct information and correlates with the UA 14823 deposit material. Defendants argue that this is improper and constitutes fraud because Plaintiff failed to disclose its intent that the '956 Registration was intended to cover UA 14823. (MSJ 13, 15.) Although Defendants are correct that "[s]upplementary registration is intended to correct errors made by the applicant on the application form itself, not errors in the deposit material," this is exactly what Plaintiff did when it corrected the '956 Registration

with the '041 Registration. Plaintiff did not swap out the deposit material or correct the content of deposit material; it simply corrected the application.

Accordingly, Defendants have not rebutted the presumption of validity or shown that the errors in registration were anything more than inadvertent mistakes; therefore partial summary judgment on this issue is not proper.

**B.  Copyright Infringement of UA 17679**

Similar to UA 14823, Defendants do not dispute the infringement element, but contend only that Plaintiff has no valid copyright of UA 17679. (MSJ 15.) Specifically, Defendants advance two arguments: (1) the '100 Registration is invalid because it does not constitute a single unit of publication; and (2) the '100 Registration contains inaccuracies. (MSJ 15–20.)

### *1.  Single Unit of Publication*

Defendants assert that the '100 Registration is not a valid single work registration because the 15 designs copyrighted under the '100 Registration were not published in a single unit of publication. (MSJ 15–16.) Defendants argue that to satisfy the single unit of publication requirement, Plaintiff must have first sold, distributed, or offered for sale the fifteen designs concurrently. (MSJ 17.) Defendants contend that all fifteen designs were not published at the same time because Plaintiff purchased eight of the fifteen designs from a third party and that the purchase constitutes publication. (MSJ 17.)

Designs in a single work registration must be published in a single unit of publication. 37 C.F.R. § 202.3(b)(4). Publication is "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending. The offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." 17 U.S.C. § 101. "A necessary element of a published-collection copyright is that the collection is sold, distributed or offered for sale concurrently." *United Fabric Int'l, Inc.*, 630 F.3d at 1259. This means that the group

of textile designs within the registration must first be sold, distributed, or offered for sale concurrently to satisfy the single unit of publication requirement. A published design that is included in an unpublished copyright registration application cannot be registered as part of the collection. Compendium (Third) § 1106.1 ("[A]n applicant cannot use this option to register a number of published and unpublished works. If any of the works have been published, the applicant should not include those works in the claim."). However, prior publication does not invalidate registration of the unpublished elements of the collection, although it does invalidate the registration as to the previously published designs. *See L.A. Printex Indus. v. Aeropostale*, 676 F.3d 841, 854 (9th Cir. 2012); *Ledesma v. Del Records, Inc.*, No. 2:15-CV-4266-ODW-GJSx, 2015 WL 8023002, at *3 (C.D. Cal. Dec. 4, 2015).

Here, even assuming that eight of the fifteen designs were previously published based on Plaintiff's purchase from a third party,[5] these eight designs are not at issue in this case. Defendants' position would support invalidating the eight previously published designs, but Plaintiff does not allege that Defendants violated these purportedly published designs. Plaintiff sued for infringement of UA 17679. It is undisputed that UA 17679 was created by Plaintiff's designer, Kathy Kim. (MSJ 8.) Defendants present no evidence that UA 17679, the design at issue, was previously-published prior to the publication date on the '100 Registration that would support invalidating the copyright for UA 17679.

Accordingly, summary judgment on this issue is improper.

### 2. *Inaccuracies with the '100 Registration*

Defendants also assert that the '100 Registration is subject to cancellation because (1) the registration failed to disclose that certain designs in the '100 Registration include material from the public domain; and (2) the registration failed to disclose that some designs were assigned to Plaintiff from third parties.

---

[5] The Court does not reach the issue of whether the purchase of a design from a third party constitutes a publication as defined in 17 U.S.C. § 101.

8

(MSJ 18–19.)

37 C.F.R. § 202.6(d)(3)(i) allows a supplementary registration to supplement or clarify a basic registration "such as the identity of a co-author or co-claimant, but was omitted at the time the basic registration was made." This is also supported by the Compendium which allows a supplementary registration to correct a "basic registration involving the author(s) of the work." Compendium (Third) § 1802.6(D). Additionally, a supplementary registration "may be used to correct or amend the information that appears on the certificate of registration in the fields/spaces marked Author Created, Limitation of Copyright Claim, Nature of Authorship, and/or Material Added to This Work." *Id.* § 1802.6(J).

Plaintiff's error in the '100 Registration does not invalidate the registration. The record, when viewed in the light most favorable to Plaintiff, does not demonstrate that Plaintiff's errors were anything other than inadvertent mistakes or that Plaintiff intended to defraud the Copyright Office. Upon discovering the issues with the '100 Registration, Plaintiff communicated with the Copyright Office, applied for, and received, a supplementary registration: the '315 Registration. The '315 Registration corrected the space marked "Limitation of copyright claim" to exclude the public domain elements that appear in certain designs, including UA 17679. Additionally, the '315 Registration also added information regarding the authors of the designs. The Copyright Office, after being informed of the errors, issued a certificate of supplementary registration. This shows that the errors were not one that "if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1).

Accordingly, summary judgment on this issue is also improper.

### IV. REQUEST TO REGISTER OF COPYRIGHTS

Additionally, Defendants request that the Court issue a request to the Register of Copyrights and stay the proceedings until a response is received. (*See generally* Mot. for Issuance.)

| | |
|---|---|
| 1 | Copyright registration is a precondition to bringing a civil copyright |
| 2 | infringement action. 17 U.S.C. § 411(a); *see also Fourth Estate Pub. Benefit Corp. v.* |
| 3 | *Wall-Street.com, LLC*, 139 S. Ct. 881, 887 (2019). A certification of registration |
| 4 | satisfies this prerequisite "regardless of whether the certificate contains any inaccurate |
| 5 | information," 17 U.S.C. § 411(b)(1), unless: "(A) the inaccurate information was |
| 6 | included on the application for copyright registration with knowledge that it was |
| 7 | inaccurate; and (B) the inaccuracy of the information, if known, would have caused |
| 8 | the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(1)(A) & (B). If |
| 9 | the two-part test is met, "the court shall request the Register of Copyrights to advise |
| 10 | the court whether the inaccurate information, if known, would have caused the |
| 11 | Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2). |
| 12 | The Court recognizes that this procedure is "vulnerable to abuse" and that other |
| 13 | courts have urged caution in its use. *See DeliverMed Holdings, LLC v.* |
| 14 | *Schaltenbrand*, 734 F.3d 616, 625 (7th Cir. 2013) ("Given its obvious potential for |
| 15 | abuse, we must strongly caution both courts and litigants to be wary of using this |
| 16 | device in the future."); *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d |
| 17 | 347, 348 (S.D.N.Y. 2016) (same). |
| 18 | Input under § 411(b)(2) "need not be sought immediately after a party makes" a |
| 19 | claim that inaccurate information was included on the application for copyright |
| 20 | registration. *DeliverMed Holdings*, 734 F.3d at 625. Rather than immediately refer |
| 21 | the matter to the Register of Copyrights, courts can "demand that the party seeking |
| 22 | invalidation first establish that the other preconditions to invalidity are satisfied before |
| 23 | obtaining the Register's advice on materiality." *Id.* "In other words, a litigant should |
| 24 | demonstrate that (1) the registration application included inaccurate information; and |
| 25 | (2) the registrant knowingly included the inaccuracy in his submission to the |
| 26 | Copyright Office." *Id.* (citing 17 U.S.C. § 411(b)(1)(A)). |
| 27 | Courts across the country disagree regarding the degree of knowledge required |
| 28 | to satisfy the second element. *Compare Energy Intelligence Grp., Inc. v. CHS* |

*McPherson Refinery*, 304 F. Supp. 3d 1051, 1063 (D. Kan. 2018) ("[T]o satisfy the knowledge element of § 411(b), the [requesting party] must show than [the applicant] intended to defraud the Copyright Office."), *with Palmer/Kane LLC*, 188 F. Supp. 3d at 352 (holding that the statute does not require "a showing of fraudulent intent on the part of the applicant"). Further, in the Annual Report of the Register of Copyrights for the fiscal year ending September 30, 2009, the Register of Copyrights stated that subsection (b) was added to section 411 "to create a new procedure for infringement actions that requires courts to seek the advice of the Copyright Office on issues that *may involve fraud on the Copyright Office*." U.S. Copyright Office, Annual Report of the Register of Copyrights, at 9 (2009) (emphasis added).

After the Motion for Issuance was taken under submission, the Ninth Circuit provided guidance on the degree of knowledge required. *See Gold Value Int'l Textile, Inc. v. Sanctuary Clothing LLC*, __ F.3d __, No. 17-55818, 2019 WL 2347390, at *5–6 (9th Cir. June 4, 2019). The Ninth Circuit held that "the plain language of § 411(b) . . . does not require a showing of fraud, but only that the claimant included inaccurate information on the application with knowledge that it was inaccurate." *Id.* at *6 (internal quotation marks omitted). However, a good faith or inadvertent mistake does not constitute a knowing inaccuracy. *Id.* (citing *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 990–91 (9th Cir. 2017)).

Here, as discussed above, there is no evidence that the errors in Plaintiff's registrations were anything but an inadvertent mistake. In the case of UA 14823, the undisputed material facts show that Plaintiff accidentally swapped the deposit materials when it attempted to register UA 14823, and that Plaintiff ultimately corrected its registration with the supplementary '041 Registration. Similarly, with the '100 Registration, Plaintiff failed to include certain information on the registration, but supplemented the registration to include the missing information and the Copyright Office issued a certificate for the supplementary registration, the '315 Registration.

Defendants have not met the standard necessary for an issuance of a request to the Register of Copyrights, that Plaintiff knowingly included the inaccuracies. Nonetheless, the Copyright Office also issued supplementary registrations for the two designs at issue, which suggests that the Copyright Office would not have refused registration. Accordingly, the Motion for Issuance is denied.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' MSJ (ECF No. 43) and Motion for Issuance (ECF No. 51).

**IT IS SO ORDERED.**

June 26, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**